Gary Hawkins REECE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–00074–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 9, 1994.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Mike Fields, Harris County, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

DUGGAN, Justice.

The jury found appellant, Gary Hawkins Reece, guilty of possession with intent to deliver less than 28 grams of cocaine. The trial court found one enhancement paragraph of the indictment to be true and assessed punishment at 45–years confinement. In six points of error, appellant contends that the trial court erred: (1) by failing to instruct the jury on probable cause for an arrest and search; (2) by excluding testimony regarding the warrantless arrest by Houston Police Department officers Rick Thomas and A.D. Brown; and (3) by allowing Officer Brown's opinion testimony about the reason appellant was in the parking lot. Appellant further argues that: (4) the evidence was insufficient to prove his possession of cocaine with intent to deliver; and (5) the State withheld certain exculpatory information from appellant. We reverse the trial court's judgment and remand for a new trial.

At approximately 8:30 p.m., on August 27, 1991, Houston police officers A.D. Brown and Rick Thomas were on routine patrol. Officer Brown testified that he saw appellant drinking from a beer can in a convenience store parking lot that had signs warning that consuming alcohol on the premises was a misdemeanor offense. Officer Brown testified that he approached appellant, advised him of the violation, and arrested him. Brown then searched appellant and a black pouch that was strapped around his waist. Inside the

pouch, Brown testified that he found a baggie containing marihuana, 12 individual baggies of what appeared to be crack cocaine, and $222.57 in small bills.[1] A subsequent chemical analysis of the substance from the 12 individual baggies revealed 1.4 grams of pure cocaine.

In his first point of error, appellant contends the trial court erred in failing to give the jury an instruction under TEX.CODE CRIM. P.ANN. art. 38.23 (Vernon Supp.1994), which provides that:

No evidence obtained by an Officer or other person in violation of any provisions of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Appellant argues that because there was conflicting evidence about whether he was consuming alcohol, he was entitled to a jury instruction on probable cause.

If Officer Brown saw appellant consuming an alcoholic beverage on the premises of a retailer licensed with an off-premises permit, then he had authority to arrest him. TEX. ALCO.BEV.CODE ANN. §§ 101.02 & 101.72(a) (Vernon Supp.1993). If appellant was lawfully arrested, then Brown had the right incident to the arrest to search the pouch appellant was carrying. *Rogers v. State*, 774 S.W.2d 247, 264 (Tex.Crim.App.) *cert. denied* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989).

A defendant has the right to a jury instruction whenever a fact issue is raised concerning the legality of the State's means of acquiring evidence. *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986); *Wash-*

---

1. Brown testified that appellant had one twenty, four tens, five fives, and 122 ones. We note that this accounts for $207 of the $222.57; the record does not indicate the denominations of the remaining $15.57.

*ington v. State,* 663 S.W.2d 506, 508 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). The State does not dispute that a fact issue was raised; it only asserts that the testimony upon which appellant relied in his objection at trial did not raise a fact issue. The State argues that appellant waived complaints relating to all remaining testimony showing a fact issue.

When the trial court asked for objections to the charge, counsel made his initial request:

I have—I request a charge on—under 38.23, the proper probable cause charge, Your Honor. I do not see it in the instruction at all, Your Honor.

I'm entitled to present that fact issue to the jury irregardless [sic] whether the court has made a decision there was probable cause or not.

They are entitled to hear it as a fact issue regarding the reasonable doubt of the evidence that was presented by the Officers, Your Honor, and, Your Honor, and to see whether the Officer had probable cause to arrest him.

So, we would request an instruction under 33—I'm sorry—38.23(a); and we ask for that, Your Honor.

The next day, at the conclusion of the evidence, appellant's counsel made his second request:

At this moment, again I renew my request for instruction under 38.22(a); and I cite the Court to two cases—one being *Adams v. State,* 634 S.W.2d 785; and is the second footnote where the Court cites *Brewster v. Texas* at 606 S.W.2d 325. The Court said, regarding *Adams,* the Officer who engaged the defendant in conversation testified that he was intent [sic] to issue a warning ticket to appellant with the implication that he would be free to leave. Discovery of the—a search intervened, and we think the restraint became custody when the search led to a search of marijuana bags.

I would submit Mr. Igwe impeached the testimony of Officer Brown as to whether Officer Brown actually arrested Mr. Reece for drinking on premises. Mr. Brown stated he had arrested him for drinking on the premises; but, in fact, Officer Thomas stated only thing he heard Officer Brown tell Gary was that Gary was arrested for possession of narcotics.

Mr. Igwe stated attorneys called on the phone told them he was going to warn him that it was against the law to drink on the premises. That's an indication he was going to release after warning him he didn't know how the black bag got opened and that discovery of the drugs was found on the bag, Your Honor.

That's an issue. That's a fact question that he can go to the jury under 38.23(a). We're entitled to an instruction on that point; and we would request an instruction on that point, Your Honor.

The court overruled each request. The State contends that because Mr. Igwe (appellant's probation officer) was not at the scene of the arrest, his testimony failed to raise a fact issue on probable cause of the arrest. We agree that Igwe's testimony did not create a fact issue.

 However, for appellate review purposes, we find that appellant sufficiently raised the issue before the court. First, appellant's *initial* request did not refer to particular testimony. Second, in considering whether an appellant's objection was specific enough to preserve complaints on appeal, the Court of Criminal Appeals, in *Miniel v. State,* 831 S.W.2d 310, 316 (Tex.Crim.App. 1992), decided that the defendant's specific objection to the exclusion of an instruction on voluntariness of the confession, together with counsel's dictation into the record that "the defendant feels that there was sufficient evidence raised in the facts of this case to submit such charge to the jury," preserved his claim on appeal. Here, no written request was made. A dictated objection to a jury charge is sufficient to preserve alleged error for review without submission of a requested instruction. *James v. State,* 774 S.W.2d 418, 420 (Tex.App.—Dallas 1989, pet. ref'd).; *Heard v. State,* 701 S.W.2d 298, 299 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Moreover, even in the case of a written request, the court in *Stone* stated that the requested instruction sufficiently ap-

prised the trial court of the objections to omissions in the charge because "the trial court understood that appellant was objecting to the omission of an instruction regarding the officer's right to stop the vehicle." 703 S.W.2d at 655. "The requested charge must only be 'sufficient to call the trial court's attention to the omission in the court's charge.'" *Id.* (quoting *Stiles v. State,* 520 S.W.2d 894, 896–97 (Tex.Crim.App. 1975)).

■ Appellant's two dictated requests specifically objected to the omission of an instruction on probable cause to arrest and further generally referred to the testimony at trial that raised "a fact question that he can go to the jury under 38.23(a)." Appellant's failure to refer to *all* the testimony that combined to raise the fact question was not fatal to preserve his claim on appeal. We find his requests sufficient for the court to understand that appellant was complaining about whether the evidence presented a fact question on probable cause for his arrest. *See Miniel,* 831 S.W.2d at 316; *Stone,* 703 S.W.2d at 896–97.

■ We now consider whether the evidence in fact raised the issue of probable cause to mandate the requested jury charge instruction. Officer Brown testified that he arrested appellant for drinking from a beer can while on the premises in a convenience store parking lot that had signs warning that consuming alcohol on the premises was a misdemeanor offense. Brown's testimony was controverted by the following testimony:

1. Aaron Griggs, who was with appellant before the police arrived and at the time he was arrested, stated that appellant wasn't holding anything; he further stated that if anyone said appellant was drinking a beer, they would be lying;

2. Presnell Crear, who saw appellant immediately prior to the arrest and during the arrest, stated that appellant used the phone outside the store, walked into the store, and then reappeared with a Styrofoam cup; he further stated that he did not see any aluminum can;

3. Chuong Trinh, one of the owners of the convenience store, stated that appel-

lant came into the store and bought a cup of ice;

4. LaTonya Reed, who, at the time the police arrived, saw appellant with a Styrofoam cup; and

5. Officer Thomas stated that appellant had a beer, but that there was also a Styrofoam cup on the hood of the car; he did not hear Brown tell appellant he was arrested for drinking on the premises.

We find this testimony sufficient to raise a fact issue regarding whether Officer Brown had probable cause to arrest appellant for consuming alcohol on the premises. When a fact issue is raised, the trial court is statutorily bound to submit an instruction to the jury. *Jordan v. State,* 562 S.W.2d 472, 473 (Tex.Crim.App.1978). "The terms of Article 38.23 are clearly mandatory, the only issue being whether under the facts of a particular case an issue concerning the validity of the search is raised by the evidence." *Id.* The trial court committed reversible error by failing to submit the contested issue of probable cause for arrest to the jury. *Id.* We sustain point of error one.

■ In related points of error two and three, appellant contends that the trial court committed reversible error in excluding the testimony of Officers Thomas and Brown regarding the warrantless arrest. During the testimony of both of the officers, defense counsel asked whether they possessed arrest or search warrants; the trial court sustained the State's objections, apparently because a motion to suppress based on the lack of probable cause had been decided in the State's favor at a suppression hearing. Because we have found that a question of fact existed on probable cause, appellant had a right to present evidence that he was arrested and searched without a warrant. We sustain points of error two and three.

■ In point of error four, appellant argues that the trial court erred by allowing Officer Brown to give his opinion, based on his experience as a police officer, that appellant was selling drugs. A person may offer an opinion as a lay witness if it is based on the perception of that person, and helpful to a clear understanding of his testimony or the

determination of a fact in issue. TEX.R.CRIM. EVID. 701. Opinion testimony by an expert may be given if the scientific, technical, or specialized knowledge will assist the trier of fact. TEX.R.CRIM.EVID. 702.

The State questioned Officer Brown about his observations as follows:

State: In your experience as a police Officer and with what you saw out there that night—gentleman standing around drinking beer in a parking lot with 12 rocks of crack cocaine, an unusually high amount; $200 in small bills—did you come to a conclusion based on your years of experience as to what Mr. Reece was doing out there that day?

Defense: Your Honor, again I would object. It calls for opinion on the part of witness regarding what Mr. Reece was doing. Unless he got into Mr. Reece's mind, he cannot testify as to what his opinion was, Your Honor; and I would object to that. He's not an expert witness in psychology, Your Honor.

Court: Overruled.

Brown: Yes sir. I formed an opinion on what he might be doing out there.

State: What was that opinion?

Brown: I felt like he was selling.

State: Selling crack cocaine?

Brown: Yes, sir.

 Brown had been with the Houston police department for seven and one-half years and had made numerous narcotics arrests. Police officers may testify, based upon their training and experience, that a defendant's actions are consistent with someone selling cocaine. *See Williams v. State*, 826 S.W.2d 783, 785 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). An opinion is not inadmissible merely because it embraces an ultimate issue. TEX.R.CRIM.EVID. 704. We overrule point of error four.

 In point of error five, appellant contends that the evidence was insufficient to show he possessed cocaine with the intent to deliver. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This Court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.; Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.— Houston [1st Dist.] 1988, no pet.). The jury, as trier of fact, is the sole judge of the credibility of witnesses, and may believe or disbelieve all or any part of a witness' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Smith v. State*, 789 S.W.2d 419, 420 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). A jury may believe a witness even though his testimony is contradicted. *Sharp*, 707 S.W.2d at 614.

 Intent to deliver may be proved by circumstantial evidence, including the evidence surrounding its possession. *Smith v. State*, 737 S.W.2d 933, 941 (Tex.App.—Dallas 1987, pet. ref'd). Intent to deliver may be inferred from the quantity of drugs possessed. *Branch v. State*, 599 S.W.2d 324, 325 (Tex.Crim.App.1979); *Johnson v. State*, 829 S.W.2d 836, 837 (Tex.App.—Dallas 1992, no pet.). Officer Brown testified that appellant possessed 12 individually wrapped rocks of crack cocaine, worth approximately $120. Appellant also possessed $222.57, of which $122 was in ones. Appellant did not possess paraphernalia for smoking or using the cocaine. Of further significance is the testimony of Officer Brown, who testified that a normal user of cocaine usually possesses no more than two or three rocks of cocaine, although he had heard of people using up to seven packages a day. He further stated that the facts under which appellant possessed the cocaine were consistent with selling rather than using cocaine. Appellant contends that the testimony reflects appellant's possession to be as consistent with personal use as with delivery. Even if the

record supports conflicting inferences, we must "presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991). Accordingly, we find the evidence sufficient to support the jury finding that appellant possessed cocaine with intent to deliver. We overrule appellant's fifth point of error.

In his sixth point of error, appellant contends that the trial court erred in failing to provide him with copies of the Houston Police Department Internal Affairs Division's (HPDIA) reports about Officer Brown. The day before trial, appellant filed a subpoena duces tecum on the custodian of records for the Houston police department, instructing him to "[b]ring any and all reports, files, complaints, statements and other documents regarding any and all HPDIA complaints filed against Officer A.D. Brown."

The attorney for the custodian of records and the prosecutors filed motions to quash the subpoena because (1) the documents were privileged, (2) the subpoena was an attempt to circumvent Tex.Code Crim.P.Ann. art. 39.14 (Vernon Pamph.1992), and (3) the subpoena put an undue burden on the custodian and circumvented the provisions of Tex. Code Crim.P.Ann. art. 28.01 (Vernon Pamph. 1992). The court held a hearing and quashed the subpoena. The court ordered that the HPDIA report on appellant's case and, additionally, any other reports by HPDIA involving allegations of Officer Brown planting dope on any other defendant, be sealed for appellate review.[2] The court also ordered the State to turn over anything material to appellant's defense under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The next day the State informed the defense about exculpatory evidence, and turned over all statements that appellant had made during the investigation.

The Code of Criminal Procedure provides that upon motion by the defendant showing good cause, the trial court *may* order the production of:

> any designated documents ... (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report) ... objects or tangible *things not privileged,* which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.

Tex.Code Crim.P.Ann. art. 39.14 (Vernon Pamph.1992).

■■■ A defendant in a criminal case does not have a general right to discovery of evidence in possession of the State. *Kinnamon v. State,* 791 S.W.2d 84, 91 (Tex.Crim. App.1990). Decisions involving pretrial discovery of evidence that is not exculpatory, mitigating or privileged are within the discretion of the trial court. *Id.* A subpoena duces tecum is not to be used as a discovery weapon, but as an aid to discovery based upon a showing of materiality and relevance. *Cruz v. State,* 838 S.W.2d 682, 686 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Here, the evidence was obtained during the police department's internal investigation of the incident and was privileged. *See Brem v. State,* 571 S.W.2d 314, 322 (Tex.Crim.App. 1978); *Cruz,* 838 S.W.2d at 686. Moreover, the court ordered the State to turn over anything material to appellant's defense under *Brady.* The next day the State informed the defense about exculpatory evidence, and turned over all statements that appellant had made during the investigation.

■■■ Further, we find no showing that the complained-of evidence is material within the meaning of *Brady. Brady* requires disclosure only of evidence that is both favorable to the accused and material either to guilt or to punishment. *United States v. Bagley,* 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985). To invoke *Brady,* the accused must present evidence that: (1) the prosecution suppressed or withheld evidence; (2) this evidence would have been

---

**2.** We note that appellant's brief refers to two sealed reports from HPDIA. The record on appeal contains only one sealed report, which is the HPDIA report dealing with *appellant's* complaint that Officer Brown had planted cocaine on him.

favorable to the accused; and (3) this evidence would have been material to the accused's defense. *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972).

Appellant contends that the report must have contained the names and addresses of others who had complained about Officer Brown "planting" cocaine on them. Our review of the sealed report reveals no such information. Appellant further contends that the report must contain statements contradicting what the officers testified to regarding the existence of any beer or alcoholic beverage being consumed by the appellant. The report does contain such statements by several witnesses; however, under *Brady,* the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Bagley,* 473 U.S. at 692, 105 S.Ct. at 3388. Our review of the report reveals that all of the witnesses identified in the report testified at trial. We overrule point of error six.

Because we have sustained points of error one, two and three, and have overruled points of error four and five, we remand the cause for a new trial. *See Crawford v. State,* 703 S.W.2d 655 (Tex.Cr.App.1986). *Hooker v. State,* 621 S.W.2d 597, 598–99 (Tex.Crim. App. [Panel Op.] 1981). Because we have overruled point of error six, appellant's complaint that he was wrongly denied access to the HPDIA's investigation report, no turnover of the report is required.

We reverse the judgment and remand the cause to the trial court.