Opinion issued July 18, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00625-CR

____________


PETER ZAPATA GARZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 827061






O P I N I O N

 A jury found appellant, Peter Zapata Garza, guilty of possession with the intent
to deliver cocaine, weighing more than four grams but less than 200 grams. 
Appellant pleaded true to an enhancement paragraph alleging a prior conviction for
possession of a controlled substance. The trial court found the enhancement
allegation true and assessed punishment at 22 years in prison.

 In five points of error, appellant argues the evidence was legally and factually
insufficient to support his conviction, the trial court erred in denying his motion to
suppress evidence because the warrantless search of his vehicle violated the
protections of the Texas and United States Constitutions, and the trial court erred in
refusing his request for a jury instruction on the legality of the search.

 We affirm.

Factual and Procedural Background


 At trial, Harris County Sheriff's Deputy Warren Kelly, Jr. testified that, while
on patrol on FM 1960 around midnight on October 24, 1999, he saw appellant driving
a van. Deputy Kelly saw appellant make an illegal left turn, and Kelly then turned on
his emergency lights. Appellant stopped the van in a post office parking lot. 
Appellant was the sole occupant of the van. When Deputy Kelly checked appellant's
driver's license, he learned appellant had two outstanding arrest warrants. Kelly
called for backup and, after Harris County Sheriff's Deputy Ron Rooth and Sergeant
B. J. Taylor arrived at the scene, he arrested appellant. While Kelly was placing
appellant in a patrol car, the other two deputies began an inventory search of the van.

 Deputy Rooth testified that, when he searched appellant's van, he saw, in plain
view, an open baby formula can containing narcotics paraphernalia consisting of a
small metal bowl, screen, spoon, and some small clear plastic bags. Rooth testified
these items are commonly used for sifting and packaging cocaine.

 Sergeant Taylor testified that, when he searched appellant's van, he found what
appeared to be a used baby diaper tightly wrapped in a plastic grocery bag. The bag
was sitting in a cardboard box, with no lid, on top of some of appellant's personal
business papers, just behind the front seats. Sergeant Taylor testified that he could
see through the bag and could tell a baby diaper was inside. When Sergeant Taylor
detected no smell from the diaper, he opened it and found two plastic bags of a white,
chunky substance. Deputy Kelly tested the substance at the scene, and it tested
positive for cocaine. Charles Moore, a senior forensic chemist for the Harris County
Medical Examiner's Office, testified the two bags contained cocaine, which had a
total weight of 28.75 grams, including any adulterants and dilutants.

 Harris County Sheriff's Deputy John Kleindienst, who had nine years
experience investigating street-level narcotics offenses, testified that, in his opinion,
the cocaine appeared, based on its shape, to have been broken off of a kilo brick of
cocaine. In its condition, the cocaine would have to be sifted and then measured into
small bags with a spoon before being sold on the street.

 Appellant testified that, at the time of his arrest, he was self-employed doing
remodeling and building custom cabinets. In his business, he did not always use the
same workers, and it was common for him to use temporary helpers on his jobs. 
Appellant had leased the van and used it to transport his equipment and workers to
and from jobs. On the day he was arrested, two of appellant's employees, Ruben
Howard and another man identified only as "Carl," had used the van earlier in the day
to pick up lunch and some supplies from a lumberyard. Appellant further testified
that, after he was released from custody, he investigated the matter and determined
the identity of the owner of the cocaine, but he conceded that he made no attempt to
notify the authorities of the identity of this person.

 Appellant denied making an illegal left turn, denied that the cocaine and
narcotics paraphernalia found in the van belonged to him, and claimed he had no idea
the cocaine was in the van. He admitted to having had "a problem" with cocaine
abuse, but denied ever selling or distributing it. On cross-examination, appellant
admitted he had two prior convictions for possession of cocaine, one in Harris County
and one in Webb County. Appellant further admitted he had convictions for
possession of marihuana and for theft. Appellant stated he and his wife had three
children, ages four, two, and one.

 David Hickman, one of appellant's employees, testified that, on the day of
appellant's arrest, Howard and Carl appeared "erratic and jumpy" after they returned
to the job site from lunch. After appellant left the job site that evening, Howard asked
Hickman several times where appellant was and whether he was returning. Hickman
also testified that Carl had smelled like marihuana on one other occasion.

Sufficiency of the Evidence


 In points of error one and two, appellant contends the evidence was legally and
factually insufficient to support his conviction for possession with intent to deliver
cocaine.

 A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
King v. State, 929 S.W.3d 556, 563 (Tex. Crim. App. 2000). In reviewing the factual
sufficiency of the evidence, we examine all the evidence neutrally and ask whether
proof of guilt is so obviously weak or greatly outweighed by contrary proof as to
indicate that a manifest injustice has occurred. Id. The jury, in all cases, is the
exclusive judge of the facts proved, and of the weight to be given to the testimony. 
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Cain v. State, 958 S.W.2d
404, 407 n.5 (Tex. Crim. App. 1997). The weight to be given conflicting testimonial
evidence is within the sole province of the jury because it turns on an evaluation of
the credibility and demeanor of the witnesses. Cain, 958 S.W.2d at 408-09.

 A person commits an offense if the person knowingly manufactures, delivers,
or possesses with intent to deliver cocaine. See Tex. Health & Safety Code Ann.
§§ 481.102(3)(D), 481.112(a) (Vernon Supp. 2002). If the person possesses more
than four grams but less than 200 grams of cocaine, the offense is classified as a first
degree felony. Tex. Health & Safety Code Ann. § 481.112(d) (Vernon Supp.
2002).

 The State may prove that a defendant knowingly possessed contraband by
offering circumstantial evidence affirmatively linking the defendant to the
contraband. Brown v. State, 911 S.W.2d 744, 746-48 (Tex. Crim. App. 1995). A
defendant's intent to deliver the contraband may also be proved by circumstantial
evidence, including the evidence surrounding its possession. Reece v. State, 878
S.W.2d 320, 325 (Tex. App.--Houston [1st Dist.] 1994, no pet.). Intent to deliver
may also be inferred from the quantity of drugs possessed. Id.

 Viewing the evidence in the light most favorable to the prosecution, the
evidence established that the van was leased and driven by appellant at the time he
was stopped for a traffic violation. The narcotics paraphernalia found by the deputies
was in plain view and thus could have been observed easily by appellant. The baby
formula can containing the drug paraphernalia and the diaper containing the cocaine
could have both been obtained easily by appellant, the father of a one-year-old child. 
The bag containing the cocaine was in a box on top of appellant's personal business
papers. The forensic chemist testified the cocaine found in appellant's van had a total
weight of 28.75 grams. Deputy Kleindienst testified the narcotics paraphernalia
found in appellant's van is commonly used to process and distribute cocaine, and the
cocaine, in its condition, would have been further divided before being sold on the
street. Based on the record presented, we hold the evidence was legally sufficient to
support appellant's conviction.

 We overrule point of error one.

 Viewing all the evidence neutrally, appellant testified that the cocaine found
in his van was not his and he did not know it was there before the sheriff's deputies
found it. He further testified that he believed the cocaine belonged to someone else. 
Dan Hickman testified that two of appellant's other employees were acting strangely
and seemed particularly interested in appellant's whereabouts when appellant left the
job site. Although the intent of this testimony was clearly to raise the inference that
the cocaine belonged to one of these other two employees, that fact was never
affirmatively established. As the fact finder, the jury was entitled to resolve any
conflicts in the testimony. Cain, 958 S.W.2d at 408-09. Based on the record
presented, the evidence is not so weak or greatly outweighed by contrary proof as to
indicate that a manifest injustice has occurred.

 We overrule point of error two.

Motion to Suppress Evidence


 In points of error three and four, appellant argues the trial court erred in
denying his motion to suppress the cocaine found in his van because the warrantless
inventory search conducted by the sheriff's deputies violated the Fourth Amendment
of the United States Constitution (1) and article I, section 9 of the Texas Constitution. (2)

 The decision to hold a hearing on a pretrial motion to suppress evidence rests
within the discretion of the trial court. Calloway v. State, 743 S.W.2d 645, 649 (Tex.
Crim. App. 1988). The trial court may elect to determine the merits of such a motion
during trial when a proper objection is lodged. Id. While the trial court is not
required to conduct a pretrial hearing on a motion to suppress, a defendant retains the
right to raise any appropriate objection to the evidence at trial. Id. A defendant
presents nothing for review when no objection is made to the introduction of the
evidence he sought to suppress. Id. at 650.

 In the present case, the trial court denied appellant's request for a pretrial
hearing on his motion to suppress evidence and informed appellant that the matter
would be carried with the trial on the merits. When the State attempted to offer into
evidence the cocaine seized by the officers from appellant's van, appellant, outside
the presence of the jury, urged his motion to suppress evidence and objected on the
grounds that the officers exceeded the bounds of a proper inventory search in
searching appellant's van. The trial court denied the motion.

 However, prior to objecting to the admission of the cocaine and arguing his
motion to suppress, appellant made no objection during the testimony of the officers
as they described their search of appellant's van and their seizure of two bags of a
white substance they described as having tested positive for cocaine. Appellant also
made no objection during the chemist's testimony that the substance found in the van
was cocaine and weighed 28.75 grams.

 To be timely, an objection must be raised at the earliest opportunity or as soon
as the ground for objection becomes apparent. Tex. R. Evid. 103(a)(1); Tex. R. App.
33.1(a); Martinez v. State, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993). We hold
appellant waived error by failing to object to the testimony of the officers that the
"white substance" found in the van was determined to be cocaine and to the testimony
of the chemist regarding the identification and weight of the cocaine.

 We overrule points of error three and four.

Jury Instruction


 In point of error five, appellant argues the trial court erred, under article
38.23(a) of the Code of Criminal Procedure, in denying his request for a jury
instruction regarding the legality of the search of his van. Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon Supp. 2002).

 Article 38.23 of the Code of Criminal Procedure provides that, in any case
where the evidence raises an issue regarding whether evidence was obtained in
violation of any law or provision of the United States or Texas constitution, "the jury
shall be instructed that if it believes, or has a reasonable doubt, that the evidence was
obtained in violation of the provisions of this Article, then, and in such event, the jury
shall disregard any such evidence so obtained." Id. A defendant has the right to such
an instruction whenever a fact issue is raised concerning the legality of the State's
means of acquiring evidence. Stone v. State, 703 S.W.2d 652, 655 (Tex. Crim. App.
1986); Reece, 878 S.W.2d at 322.

 Appellant requested, and the trial court included, an article 38.23 instruction
in the jury charge on the fact question of whether appellant made an illegal left turn,
as Deputy Kelly testified, or made a proper turn, as appellant testified. Appellant also
requested, and the trial court denied, an article 38.23 instruction concerning the
legality of the inventory search of the van.

 Deputy Kelly testified that, when a driver is arrested and his vehicle is to be
impounded, it is the policy of the Harris County Sheriff's Department to prepare a
written inventory of the contents of the vehicle to document any items present and
protect the property of the arrested driver. Deputy Kelly, assisted by Deputy Rooth
and Sergeant Taylor, conducted an inventory search of appellant's van after appellant
was arrested. Rooth testified that the deputies were not looking for illegal drugs or
contraband when conducting the inventory, but he admitted that, after the deputies
found the metal can, spoon, and strainer, he believed there might be illegal drugs in
the van. Deputy Kelly testified that he prepared a written inventory slip of the
contents of appellant's van and attached the slip to his report, but Kelly could not
locate the original inventory slip.

 However, appellant did not present or elicit any testimony to raise a fact
question concerning whether a written inventory slip was prepared, whether the
deputies exceeded the scope of a proper inventory search, or whether the deputies
violated any Harris County Sheriff's Department policies regarding inventory
searches. Thus, appellant was not entitled to an article 38.23 instruction regarding
the inventory search of his van. See Stone, 703 S.W.2d at 655; Reece, 878 S.W.2d
at 322.

 Accordingly, we conclude the trial court did not err in denying appellant's
request for an article 38.23 instruction concerning the legality of the inventory search
of the van. We overrule point of error five.

Conclusion


 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. U.S. Const. amend. IV.
2. Tex. Const. art. I, § 9.