Opinion issued February 2, 2006.












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00769-CR




MANUEL CERDA ALMAZAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 38174A




MEMORANDUM OPINION
          Appellant, Manuel Cerda Almazan, pleaded not guilty to aggravated sexual
assault of a child. A jury found him guilty and assessed his punishment at 15 years’
confinement and a $5,000.00 fine. Appellant contends that the evidence was legally
and factually insufficient to support his conviction. We affirm.
BACKGROUND
          This is an aggravated sexual assault case of six-year-old L.O. by appellant,
L.O’s step-grandfather.


 L.O. lived with appellant since birth along with her mother
and three brothers. On April 23, 2003, L.O.’s mother, Stephanie Ortiz, and L.O.’s
older brother, Jonathan, went to church, leaving L.O. and her two brothers at home
with appellant. While the brothers were in the bathroom, L.O. went into appellant’s
room to show him a fishing pole. Appellant, who was watching television, removed
L.O.’s underwear, took out his penis, and put it “in [her] butt.”


 L.O. told appellant
to stop and got away. She then went into the kitchen and began washing the dishes. 
          In the kitchen, appellant assaulted L.O. a second time when he again pulled her
underwear down and stuck his penis “in [her] butt.” L.O. told appellant to stop and
attempted a second escape. During the assault, , L.O.’s brother, Mariano, opened the
bathroom door, observed appellant “picking up” L.O.’s underwear and could see his
sister’s behind. When appellant turned around Mariano saw appellant’s boxers
because his pants were unbuttoned and unzipped. Mariano told L.O. to go to their
mother’s room, where L.O., Mariano, and the other brother waited until their mother
came home from church. When their mother, Stephanie, arrived home and spoke with
Mariano, she attempted to speak with appellant, but he had locked his bedroom door
and would not open it at first. After finally confronting appellant, Stephanie took her
children to stay at a friend’s home. 
          Two days later, L.O. told her aunt, Annette Almazan, what had happened with
appellant. L.O. told Annette that appellant touched her “behind” with his “middle,”
that it “hurt bad,” and that she told appellant to stop, but he kept on. Annette then
took L.O. to Texas Children’s Hospital to be examined.
          At the hospital, L.O. was examined for signs of sexual assault. Dr. Mark Ward,
the pediatric emergency medicine physician who examined L.O., observed that the
child showed no injuries to the anal area and noted that the examination was normal. 
Dr. Ward did not take a DNA sample or perform any cultures because it is unlikely
that semen could be found more than 48 hours after a person has been sexually
assaulted. The doctor explained that while the medical examination was “consistent
with no assault,” it was also “consistent with the history that [L.O.] had given.” 
          Appellant testified that the alleged offense took place on May 12, his birthday,
though the date of L.O.’s medical report at Texas Children’s Hospital is dated April
25, 2003. Appellant alleged that he had been watching television with his friend
when all three children came into his room to show him their fishing pole. Appellant
stated that he did nothing wrong and that he was merely giving L.O. a towel when
Mariano walked into the kitchen. 
LEGAL SUFFICIENCY
          In his first point of error, appellant contends there is legally insufficient
evidence to support the conviction for aggravated sexual assault of L.O. Appellant
complains that there is legally insufficient evidence of “contact and penetration of the
anus of” L.O. because (1) L.O. stated during her direct examination that appellant
only placed his penis between the cheeks of her buttocks, and (2) Dr. Ward testified
that he found no evidence of trauma during L.O.’s examination. 
          We review legal-sufficiency challenges by viewing the evidence in the light
most favorable to the verdict to determine if any rational fact finder could have found
the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). Although our analysis considers all evidence
presented at trial, we may not re-weigh the evidence and substitute our judgment for
that of the fact finder. King, 29 S.W.3d at 562.
          Appellant was charged with aggravated sexual assault of a child. A person
commits the offense of aggravated sexual assault on a child if the person (1)
intentionally or knowingly (a) causes the penetration of the anus or sexual organ of
a child by any means, or (b) causes the anus of a child to contact the mouth, anus, or
sexual organ of another person, including the actor, and (2) the victim is younger than
14 years of age and is not the spouse of the actor. Tex. Pen. Code Ann. §§ 22.011,
22.021 (Vernon Supp. 2005).
          After conducting a thorough review of the record, we conclude that a rational
trier of fact could have found, beyond a reasonable doubt, that appellant committed
aggravated sexual assault. The testimony of a victim, standing alone, even when the
victim is a child, is sufficient to support a conviction for sexual assault. Jensen v.
State, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (citing
Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, writ ref’d)). L.O.
testified that appellant took out his penis and put it “in [her] butt,” and that it went
“straight in.” She testified at least twice that appellant’s penis did touch and penetrate
her anus. She also stated that, after she got away the first time and went to the
kitchen, appellant assaulted her again. 
          Mariano testified that, as he entered the kitchen, he witnessed appellant
standing behind L.O. trying to pull her underwear up. He stated that L.O.’s
underwear were down far enough that he could see his sister’s behind, and that, after
appellant turned around, he saw appellant’s boxers because his pants were unbuttoned
and unzipped. 
          Annette testified that L.O. told her that appellant had asked L.O. to come into
his room where he pulled L.O.’s pants and underwear down and put his “middle” in
her “behind.” L.O. said that it had “hurt bad” and that she had told appellant to stop,
but appellant said it did not hurt, and he continued. 
          Although Dr. Ward found no evidence of trauma, he testified that does not
mean that L.O. had not been abused. Dr. Ward stated that his “impression was that
the finding of normality was consistent with the history that [L.O.] had given [him];
that is, it was completely compatible with [abuse]” because the anus can “dilate fairly
substantially” and can heal rapidly. 
          Appellant argues that the evidence is legally insufficient because (1) L.O.
stated during her direct examination that appellant only placed his penis between the
cheeks of her buttocks, and (2) Dr. Ward testified that he found no evidence of trauma
during L.O.’s examination. Thus, appellant asserts that any touching here is, at best,
contact with L.O.’s “outer buttocks, and not her anus.” However, the determination
of what weight to give L.O.’s testimony regarding contact and penetration is within
the sole province of the trier of fact, as it turns on an evaluation of credibility and
demeanor. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The trier
of fact was free to believe all or any part of L.O.’s testimony and was entitled to
reconcile the contradictory evidence in favor of the State. See Reece v. State, 878
S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no writ) (stating the jury is
the sole judge of the credibility of the witnesses). A court of appeals must show
deference to such a finding. Cain, 958 S.W.2d at 409. We properly leave to the trier
of fact the weight to give L.O.’s testimony. See Sandoval v. State, 52 S.W.3d 851,
855 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).
          Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found beyond a reasonable doubt that appellant committed the
offense of aggravated sexual assault. We hold the evidence was legally sufficient to
support appellant’s conviction. Accordingly, we overrule appellant’s first point of
error.
FACTUAL SUFFICIENCY
          In his second point of error, appellant contends there is factually insufficient
evidence to support the conviction for aggravated sexual assault of L.O. In a factual-sufficiency review, we view all of the evidence in a neutral light, and we will set
aside the verdict only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met. Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 481 (Tex.
Crim. App. 2004)). We must defer to the fact finder to avoid substituting our
judgment for the judgment of the fact finder. Zuniga, 144 S.W.3d at 482. Our
evaluation may not intrude upon the fact finder’s role as the sole judge of the weight
and credibility accorded any witness’s testimony. Cain, 958 S.W.2d at 408-09.
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to appellant, most undermines the trier of fact’s verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). Appellant complains that L.O. could not
make a positive identification of appellant, and her failure to describe her assailant
as to height, size, hair or any characteristic mandates that the conviction was clearly
wrong and unjust. 
          The State may prove the identity of the perpetrator of an offense by direct or
circumstantial evidence. Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). 
In the present case, although L.O. could not identify appellant at trial as her attacker,
L.O. stated that she used to live with her grandpa, whom she called “Papo.” She
testified this was the only grandfather that she had, and it was this grandfather who
assaulted her. Because L.O. could not identify appellant as her attacker, the State
relied on Mariano, Stephanie, and Annette, who all identified appellant as the grandpa
who lived with L.O. Mariano testified that appellant did not look the same at trial and
that appellant was the same person whom he and L.O. called “Papo.” He also
testified that appellant was the one he saw pulling up L.O.’s underwear. Additionally,
Mariano, Stephanie, and Annette all identified appellant as the grandfather with
whom L.O. lived during the commission of this assault. 
          There is conflicting evidence as to the presence of appellant’s friend. 
Appellant testified during direct that his friend was watching television with him the
night of the assault. However, the officer who took appellant’s statements was called
as a rebuttal witness and testified that appellant never told him of any friend present
that night. The jury decided this conflicting evidence in favor of the State, and a
decision is not clearly wrong and unjust merely because the trier of fact resolved
conflicting evidence in favor of the State. Cain, 958 S.W.2d at 410.
          When viewing all of the evidence presented at trial related to identification in
a neutral light, we conclude that the verdict is neither so clearly wrong and manifestly
unjust, nor is the contrary evidence so strong that the standard of proof beyond a
reasonable doubt could not have been met. See Escamilla, 143 S.W.3d at 817. We
overrule appellant’s second point of error.
CONCLUSION
          Accordingly, we affirm the judgment of the trial court.
 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).