Opinion issued on May 11, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01067-CR




RAYMOND CAZARES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 967315




MEMORANDUM OPINION
          A jury found appellant, Raymond Cazares, guilty of murder and assessed
punishment at 80 years’ confinement. In his first two points of error, appellant
complains that the evidence was legally and factually insufficient to support his
conviction because there was no showing that he acted with intent to cause serious
bodily injury or death to the complainant. In his third point of error, appellant
complains that the trial court committed reversible error in failing to grant his motion
for new trial, where the State failed to disclose Brady


 material in violation of his
federal constitutional right to a fair and impartial trial. We affirm.
Background
          On the night of November 5, 2003, appellant, his girlfriend, Maritza Urbina,
and two other friends arrived at an apartment complex where Maritza’s sister Laritza
and mother, Elizabeth Diaz, lived. Laritza testified that November 5, 2003 was her
birthday and that, shortly after Maritza and appellant arrived, her boyfriend Perez
came over to give her a birthday gift. Laritza testified that she was concerned when
Perez arrived, because she knew that he did not like appellant. 
           Perez testified that, upon seeing appellant and his friends in the parking lot, he
decided to leave. Perez walked away from the group, called his cousin, Sergio Lopez,
and asked Lopez to come and pick him up from the apartment complex. Perez
testified that he saw Lopez drive up, get out of his car, and exchange words with one
of appellant’s friends, “Tony.” Perez testified that, after some heated words were
exchanged, Lopez punched Tony in the face. A fist fight ensued between the two
men. Perez testified that, while the men were fighting, he saw appellant pull out a
gun. Appellant first pointed the gun at Perez and then at Lopez before shooting two
or three times. After the shooting, appellant fled the scene. 
          Elizabeth Diaz, Maritza and Laritza Urbina’s mother, testified that she saw
appellant point the gun at Lopez and shoot three times from a distance of “a few feet.” 
According to Diaz, after Lopez fell to the ground, appellant screamed out, “Ah, you
got what was coming to you. You thought I was bullshitting,” and he ran off. 
          Appellant testified that he shot in the direction of Lopez to scare him away so
that he would not hurt Tony. Appellant admitted that he fled after he shot the gun and
explained that he ran because he was scared. He ran out of the parking lot and toward
a McDonald’s restaurant near the apartment complex. While running to the
restaurant, appellant testified that he threw the gun over a fence and into the parking
lot of another apartment complex. Appellant then called his parents from a payphone
near the restaurant and asked them to come pick him up. He went into the bathroom
at the restaurant to wait for his parents. Appellant testified that he was only in the
bathroom for about five minutes before the police came in to arrest him. 
          The jury found appellant guilty of murder and assessed punishment at 80 years’
confinement. After appellant was sentenced, he filed a motion for new trial in which
he asserted that Perez engaged in witness tampering, the defense was entitled to
exculpatory material under Brady, and there was prosecutorial misconduct on behalf
of the State. The trial court denied the motion after conducting a hearing. 
Sufficiency of the Evidence
          In his first and second points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction for murder where there was
no showing that appellant acted with the intent to cause serious bodily injury or death
to Lopez.
Legal Sufficiency
          When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency 
analysis entails a consideration of all evidence presented at trial, we may neither
re-weigh the evidence nor substitute our judgment for the jury’s. King, 29 S.W.3d
at 562. The jury, as trier of fact, is the sole judge of the credibility of witnesses and
may believe or disbelieve all or any part of a witness’s testimony. Reece v. State, 878
S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
             Appellant was charged with felony murder under section 19.02 of the Texas
Penal Code. A person commits the offense of murder if he intentionally or knowingly
causes the death of an individual or if he intends to cause serious bodily injury and
commits an act clearly dangerous to human life that causes the death of an individual. 
See Tex. Pen. Code Ann. § 19.02(b)(1) and (2) (Vernon 2003). 
          A person acts intentionally when it is his conscious objective or desire to
engage in the conduct or cause the result. See Tex. Pen. Code Ann. § 6.03(a)
(Vernon 2003). Employing a deadly weapon in a deadly manner provides strong
inferential evidence of intent to kill. Adanandus v. State, 866 S.W.2d 210, 215 (Tex.
Crim. App. 1993). A firearm is a deadly weapon per se under the Texas Penal Code. 
See Tex. Pen. Code Ann. § 1.07(a)(17)(A) (Vernon 2003). Furthermore, the law
presumes an intent to kill where a deadly weapon is fired at close range and death
results. Womble v. State, 618 S.W.2d 59, 64 (Tex. Crim. App. 1981).
          In this case, appellant admitted firing the weapon toward Lopez from a distance
of approximately 6 to 7 feet. He also admitted to first pointing the weapon at Gabriel
Perez and then shooting three times toward where the men were fighting. Several
witnesses corroborated this testimony by testifying that they, too, saw appellant shoot
Lopez from a distance of only a few feet. Lopez sustained a gunshot wound to the
back of the head and died. 
          Viewing the evidence in the light most favorable to the verdict, we hold that
the record contains sufficient evidence to prove that appellant shot Lopez with a
firearm at close range, killing him. Therefore, the evidence is legally sufficient to
support the jury’s verdict finding appellant guilty of murder. See King, 29 S.W.3d
at 562. 
Factual Sufficiency
          Appellant further contends that the evidence was factually insufficient. In a
factual-sufficiency review, we view all of the evidence in a neutral light, and we will
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met. Escamilla v. State, 143 S.W. 3d
814, 817 (Tex. Crim. App. 2004).
          In conducting the factual-sufficiency review, we must also employ appropriate
deference to the fact finder so that we do not substitute our judgment for that of the
fact finder. See Zuniga v. State, 144 S.W. 3d 477, 482 (Tex. Crim. App. 2004). Our
evaluation should not intrude upon the fact finder’s role as the sole judge of the
weight and credibility given to any witness’s testimony. Cain v. State, 958 S.W.2d
404, 407 n.4 (Tex. Crim. App. 1997). What weight to be given contradictory
testimonial evidence is within the sole province of the fact finder because it turns on
an evaluation of credibility and demeanor. Id. at 408–09. The fact finder is entitled
to judge the credibility of the witnesses and may choose to believe all, some, or none
of the testimony presented. Id. at 407 n.4.
             In this case, appellant argues that the record is insufficient to establish beyond
a reasonable doubt that he acted with the intent to cause Lopez serious bodily injury
or death, because he lacked motive. Instead, appellant claims that the record reflects
that he acted recklessly, which would support a theory of manslaughter, not murder.



          The evidence in this case shows that appellant used a deadly weapon in a
deadly manner by firing it in the direction of the two men fighting and that one of the
men died as a result. Appellant testified that the parking lot where the shooting took
place was lighted and that he could see the people involved in the fight. Gabriel
Perez testified to seeing appellant point the firearm at him and then turn the weapon
toward where the men were fighting before shooting “more than two times.” Laritza
Urbina testified to seeing Tony and Lopez fighting and stated that Lopez “was getting
the best” of Tony. She also testified that she heard three gunshots come from where
appellant was standing alone and that she saw Lopez fall to the ground. Elizabeth
Diaz, Laritza’s and Maritza’s mother, testified that she saw appellant point the gun
at Lopez and shoot three times from a distance of “a few feet.” Diaz also testified to
hearing appellant scream, before running away, “Ah, you got what was coming to
you. You thought I was bullshitting.”
          After examining all of the evidence neutrally, we hold that the proof of guilt
was not so obviously weak as to undermine confidence in the jury’s determination;
nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard
could not have been met. See Escamilla, 143 S.W.3d at 817. Therefore, the evidence
is factually sufficient to support the jury’s verdict finding appellant guilty of murder.
          We overrule appellants first and second points of error. 
Brady Violation
          In his third point of error, appellant contends that the trial court committed
reversible error in failing to grant his motion for new trial, where the State failed to
disclose information to him in violation of his constitutional rights under Brady v.
Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). Absent a clear abuse of discretion, we
will not disturb the trial court’s denial of appellant’s motion for new trial. See Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). 
          Here, appellant argues that the trial court’s denial of his motion was an abuse
of discretion because the State failed to disclose that Gabriel Perez had threatened
Elizabeth Diaz and Laritza Urbina prior to trial if they refused to discuss their
testimony with him. We disagree.
          Under Brady, a prosecutor has an affirmative duty to turn over to the accused
all material, exculpatory evidence, irrespective of the good faith or bad faith of the
prosecution. Brady, 373 U.S. at 87, 83 S.Ct. at 1196–97. This duty extends also to
impeachment evidence. See United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct.
3375, 3380 (1985). This duty attaches as soon as the information comes into the
prosecutor’s possession, with or without a request from the defense for such evidence,
and must be disclosed to the accused in time to put it to effective use at trial. See
Palmer v. State, 902 S.W.2d 561, 563 (Tex. App.—Houston [1st Dist.] 1995, no pet.).
          An accused is entitled to a new trial due to a Brady violation if he shows that
(1) the prosecutor failed to disclose evidence, (2) the evidence is favorable to the
accused, and (3) the evidence is material—that is, the evidence creates a probability
sufficient to undermine confidence in the outcome of the proceeding. See Bagley,
473 U.S. at 682, 105 S.Ct. at 3383; see also Ex parte Kimes, 872 S.W.2d 700, 702
(Tex. Crim. App.1993). It is the defendant’s burden to show materiality. Amos v.
State, 819 S.W.2d 156, 159 (Tex. Crim. App. 1991). In determining materiality, we
are to evaluate the undisclosed evidence in the context of the entire record. Turpin
v. State, 606 S.W.2d 907, 916 (Tex. Crim. App. 1980).
          Impeachment evidence is considered to be favorable to the accused and is
therefore subject to the mandatory disclosure dictates of Brady. See Bagley,473 U.S.
at 676, 105 S.Ct. at 3380; see also Etheridge v. State, 903 S.W.2d 1, 20 (Tex. Crim.
App. 1994). However, failure to disclose impeachment evidence will only result in
a constitutional violation if there is a reasonable probability that the result of the
proceeding would have been different. See Etheridge, 903 S.W.2d at 20.
          In this case, evidence regarding Perez’s alleged threats against the witnesses
was not material. The trial court held an evidentiary hearing on appellant’s motion for
new trial and appellant called Elizabeth Diaz and Laritza Urbina to testify.
           Diaz testified that, before trial, she received a telephone call from Gabriel
Perez. Perez stated that he wanted to come over to her apartment to discuss her
testimony. After Diaz told Perez that she was not at home, he threatened to hurt her
children if she did not talk to him. Diaz also testified to telling the prosecutor about
the conversation she had with Perez. 
          Laritza Urbina testified that, before trial, she also received a threatening phone
call from Perez, as well as several text messages asking to come over to her home. 
Like Diaz, Laritza testified to telling the prosecutor about the conversation with
Perez. She stated that the prosecutor said that she “would take care of it.” 
          Both Diaz and Urbina testified that, although they felt threatened by Perez’s
phone call, they did not change their testimony based upon his alleged threats. 
Further, Diaz and Urbina testified that Perez called them only one time and that they
never called the police to make a report of the phone call. 
          The prosecutor testified at the hearing. She testified that, before trial, Diaz told
her that Gabriel Perez had called her and threatened her daughter, Laritza, and her. 
However, the prosecutor also testified that she believed Diaz to be an uncooperative
witness and that she would have done anything to keep from having to testify at trial. 
She further testified that she did not notify defense counsel about the threats because
she did not think the information was exculpatory and did not find Diaz’s report of
the threat to be credible. 
          In light of the testimony of these witnesses and after evaluating the undisclosed
evidence in the context of the entire record, we are not convinced that the undisclosed
evidence in this case is material. We hold that there is not a reasonable probability
that, had the evidence regarding Perez’s conduct been disclosed, the result of this trial
would have been different. Accordingly, we hold that the trial court did not abuse its
discretion in denying appellant’s motion for new trial. 
          We overrule appellant’s third point of error.

 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.4.