Opinion issued April 3, 2008






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00387-CR

 __________


ROSALI BONILLA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1056657






MEMORANDUM OPINION

 A jury found appellant, Rosali Bonilla, guilty of aggravated sexual assault and
assessed punishment at 45 years in prison. In two points of error, appellant argues
that the trial court erred because (1) the evidence was legally insufficient to find that
he used or exhibited a deadly weapon and (2) the evidence is factually insufficient to
support a finding of guilty as charged. We affirm. 

Background


 At approximately 8 a.m. on February 5th, 2006, the 15-year-old complainant,
CF, was in her family's apartment walking towards the bathroom to take a shower,
when appellant grabbed her. Appellant, CF's stepfather, wearing only his boxer
shorts, apologized to CF for what he was doing. A struggle ensued, CF tried to
defend herself, but appellant grabbed her again and held a knife to her throat. Appellant took CF to her mother's bedroom, where a larger knife was lying on
the bedroom floor. Appellant demanded that CF take off her clothes and lie on her
back. Appellant then got on top of CF and sexually assaulted her. CF showered,
changed, and left the apartment. Before CF left, appellant told her not to tell anyone
about the assault and promised her "a hundred bucks a week" and "a free Mustang." 
He also told her that, if she told anyone, he would go to jail for 25 or 30 years.

 CF left the house, went to a friend's house, and called her mom, who was at
work. When her mother arrived, CF told her about the assault. CF's mother took her
to a hospital for a sexual assault exam. Hospital staff called the police, who made a
report, and, with CF mother's consent, entered and searched the family's apartment. 
Once the police searched the apartment, they found both knives--one in the kitchen
and one in the sheets in the bedroom-- and they found appellant hiding in the
kitchen. 

 Appellant testified that, due to alcohol and marihuana, he was not himself, and
he did not remember all the events of that morning. He admitted to assaulting CF, but 
denied holding or threatening her with a knife. Appellant stated that the second,
larger knife was in the bedroom "because we had just moved there, and we just threw
things all over the room." Appellant testified that he forced CF to submit to him
through "words." CF did not initially want to have sex with him, but, after a long
conversation, "she came around." Appellant acknowledged telling CF not to tell
anyone, but denied offering her money and a car. 

Sufficiency of Evidence

 In two points of error, appellant argues that the evidence was (1) legally
insufficient to support a finding that appellant used or exhibited a deadly weapon and
(2) factually insufficient to support a finding of guilty as charged. 

Standard of Review

 When conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.--Houston [1st Dist.] 1997, no pet.). Although a legal-sufficiency analysis
entails a consideration of all evidence presented at trial, we may neither re-weigh the
evidence nor substitute our judgment for the jury's. King, 29 S.W.3d at 562. The
jury, as trier of fact, is the sole judge of the credibility of witnesses and may believe
or disbelieve all or any part of a witness's testimony. Reece v. State, 878 S.W.2d 320,
325 (Tex. App.--Houston [1st Dist.] 1994, no pet.). 

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, "[we] cannot conclude that a conviction is
'clearly wrong' or 'manifestly unjust' simply because, on the quantum of evidence
admitted, [we] would have voted to acquit had [we] been on the jury." Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury's resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. Id. 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder's evaluation of
credibility and demeanor. Cain, 958 S.W.2d at 408-09. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

Legal Sufficiency of Evidence

 In point of error one, appellant contends that the evidence was legally
insufficient to find that appellant used or exhibited a deadly weapon. 

 A person commits the offense of aggravated sexual assault if he causes the
penetration of the sexual organ of another and uses or exhibits a deadly weapon in the
course of the same criminal episode. See Tex. Pen. Code Ann. 22.021(a) (Vernon
Supp. 2007). 

 CF testified that appellant held a knife to her throat and had a larger knife in
the bedroom where he assaulted her. Furthermore, the police found both knives and
they also found appellant hiding in the kitchen. We hold that a rational trier of fact
could find from the evidence that the appellant held the knife held to CF's neck in a
manner that made it a deadly weapon and thus, the evidence was legally sufficient for
a deadly weapon finding. 

 We overrule point of error one.

Factual Sufficiency of Evidence

 In point of error two, appellant contends that the evidence is factually
insufficient to support a finding of guilty as charged. Appellant refers to a conflict
between CF's testimony and the physical evidence regarding the use and location of
the knives. Appellant asserts that CF's testimony that the larger knife was on the
floor when he demanded that she take off her clothes and the testimony from the
police officer that the smaller knife was found in the kitchen and not on the bedroom
floor impeach CF's testimony that a knife was used during the assault. Appellant
argues that his trial testimony that he did not threaten CF, he did not hold the small
knife to her throat, and that the larger knife was in the bedroom due to the recent
move, reconciles the inconsistencies between CF's testimony and the physical
evidence. 

 The jury, as trier of fact, is the sole judge of the credibility of witnesses and
may believe or disbelieve all or any part of a witness's testimony. Cain, 958 S.W.2d
at 409; Reece, 878 S.W.2d at 325. The jury apparently chose to believe CF's
testimony rather than appellant's. After reviewing all of the evidence presented, we
hold that the proof of appellant's guilt is not so obviously weak as to undermine
confidence in the jury's verdict or that the proof of guilt, although adequate if taken
alone, is not greatly outweighed by contrary proof. See Johnson, 23 S.W.3d at 11.

 We overrule point of error two.

Conclusion


 We affirm the trial court's judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).