GUNNELS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-418-CR

STEVEN DECARLOS GUNNELS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Steven DeCarlos Gunnels appeals from his conviction for possession of cocaine with the intent to deliver.  In two points, appellant complains that the trial court erred by denying his motion to suppress and that the evidence of the intent to deliver was legally and factually insufficient to support the verdict.  We affirm.

Facts 

Fort Worth Police Officer Scott McClain was assigned to patrol duty in a high crime area called the Adams District near downtown Fort Worth.  After midnight on August 7, 2002, Officer McClain was on crime prevention patrol in that area when he spotted an unfamiliar car that he had not seen when he had patrolled the area earlier.
(footnote: 2)  Officer McClain ran the license plate number on his patrol car computer and determined that the car had been reported stolen.  No one was in or near the car at that time so Officer McClain set up surveillance of the car, using binoculars, from a short distance away to see if anyone would return. 

After approximately forty minutes, Officer McClain saw a man, later identified as appellant, approach the car and open the driver’s side door.  A few seconds after appellant opened the driver’s side front door, he went to the passenger side, opened the back door, and got into the back seat.  After approximately fifteen seconds, appellant got out of the car and went and stood by the driver’s side front door.  Another man appeared and started walking directly toward appellant’s car.  Appellant met the man in the street, they made a hand-to-hand transaction, and the man walked away.  Appellant went back to the car’s driver’s side door and, shortly thereafter, a second man approached appellant.  Appellant spoke to him for a little while, then appellant got into the car’s driver’s seat and the second man got into the front passenger seat.  After ten or fifteen seconds, the second man got out of the car and walked away, while appellant stayed in the car.

After the second man left, Officer McClain saw appellant get out of the car’s driver’s side door, go to the rear passenger side, lean in through the door for a few seconds, close the door, and walk back to the driver’s side.  Shortly thereafter, a third man approached appellant and the two made a hand-to-hand transaction in the street near the car.  

After this third transaction, Officer McClain notified the nearby “assist” police units that he was going to make contact with appellant.  When Officer McClain moved in to make contact with appellant, appellant was leaning into the driver’s side door of the car over the steering wheel and dashboard.  Officer McClain and the three “assist” police units arrived at appellant’s location at the same time.  

The police asked appellant to identify himself and he did.  Appellant was not the owner of the car, so the police called a tow truck to take the vehicle to police impound.  Prior to the car being towed, the police inventoried the contents of the car.  The police found an empty syringe under the driver’s seat and a plastic baggie containing seven pieces of crack cocaine weighing 1.51 grams in the back seat.  The police arrested appellant and took him to jail.  At jail, the police found a clear baggie containing five pieces of crack cocaine weighing 1.04 grams in appellant’s rectum and a .380 caliber bullet in his shoe.   The jury convicted appellant of possession of cocaine with the intent to deliver.  The trial court sentenced appellant to eight years’ confinement.  

Motion to Suppress
 

In his first point, appellant complains that the trial court erred by denying his motion to suppress evidence.  Specifically, he argues that the trial court should not have admitted evidence discovered by the police during appellant’s arrest because the police lacked probable cause to arrest appellant.

Motion to Suppress Standard of Review

We review a trial court's denial of a motion to suppress for abuse of discretion.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
 Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  There is an abuse of discretion when the ruling was so clearly wrong as to be outside that zone within which reasonable persons might disagree.  
Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993);
 Salazar v. State
, 38 S.W.3d 141, 153-54 (Tex. Crim. App.), 
cert. denied
, 534 U.S. 855 (2001).  We afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor. 
 Carmouche
, 10 S.W.3d at 332; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We review de novo the trial court's application of law to those facts in the determination of reasonable suspicion and probable cause.  
Carmouche
, 10 S.W.3d at 327; 
Guzman
, 955 S.W.2d at 89. 

In Texas, a police officer may only arrest an individual without a warrant if (a) there is probable cause with respect to that individual, and (b) the arrest falls within one of the exceptions specified in the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 arts. 14.01-.03 (Vernon 1977 & Supp. 2004-05); 
Lunde v. State
, 736 S.W.2d 665, 666 (Tex. Crim. App. 1987).  “A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.”  
Tex. Code Crim. Proc. Ann.
 art. 14.01(b).  Whether an arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information—were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. 
Beck v. Ohio
, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964).  “Probable cause exists where the police have reasonably trustworthy information sufficient to warrant a reasonable person to believe a particular person has committed or is committing an offense.“
  Guzman
, 955 S.W.2d at 87.

Here, the trial court was within its discretion to find that the police had probable cause to arrest appellant.  The State presented evidence that after midnight, in a high crime area, Officer McClain, a twelve-year police veteran, found an unfamiliar car that had been reported stolen.  McClain watched the car and saw appellant approach, open various car doors, look around inside multiple times before meeting three different men, and make three different transactions.  On two of the occasions, Officer McClain saw appellant make a hand-to-hand exchange with the men, and on the other occasion, the man sat in the car with appellant.  When the police moved in to ask appellant to identify himself, appellant identified himself as Steven Gunnels and the police determined that he was not the owner of the stolen car.  Because the car was stolen and appellant did not own it, the police inventoried the car prior to towing it.  During the inventory, the police found the drugs and syringe in the car that appellant had occupied.  At that time, the police arrested appellant.  

The drugs and syringe found in the stolen car, along with Officer McClain’s observations of appellant’s transactions, were reasonably trustworthy information sufficient to warrant a reasonable person to believe appellant had committed or was committing an offense.
  See id.
  We hold that the trial court did not err by finding that the police had probable cause to arrest appellant and by overruling appellant’s motion to suppress.  We overrule appellant’s first point.

Legal and Factual Sufficiency

In his second point, appellant complains that the evidence is legally and factually insufficient to support the verdict.  Specifically, appellant contends that the evidence was legally and factually insufficient to prove his intent to deliver cocaine.

Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
.
 at *7.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 
 In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 
at *4; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
2004 WL 840786, at *4.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at *7, 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Here, appellant conceded that the evidence was sufficient to support the finding of possession, but he challenges the sufficiency of the evidence to support the finding of intent to deliver.  Appellant contends that the evidence is insufficient to prove intent to deliver because the only evidence tending to prove his intent is Officer Blaisdell's testimony that the packaging and size of the pieces of cocaine possessed by appellant indicated an intent to deliver.  

Intent to deliver can be proven by circumstantial evidence. 
 See Rhodes v. State
, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), 
aff'd
, 945 S.W.2d 115 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 894 (1997); 
Williams v. State
, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); 
Reece v. State
, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.).  Courts have considered several factors in determining intent, including: (1) the nature of the location where the defendant was arrested; (2) the quantity of drugs the defendant possessed; (3) the manner of packaging of the drugs; (4) the presence or absence of drug paraphernalia (for use or sale); (5) whether the defendant possessed a large amount of cash in addition to the drugs; and (6) the defendant's status as a drug user.  
Williams
, 902 S.W.2d at 507.  Expert testimony may be introduced to prove intent to deliver.  
See Bryant v. State
, 997 S.W.2d 673, 675 (Tex. App.—Texarkana 1999, no pet.); 
Mack v. State
, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.); 
Branch v. State,
 833 S.W.2d 242, 244-45 (Tex. App.—Dallas 1992, pet. ref'd).

Here, appellant was arrested in a high crime area in possession of a stolen car.  A twelve-year veteran police officer personally saw appellant make various “hand-to-hand” transactions with two men in the street and another transaction with a man in the stolen car.  According to Officer McClain, based upon his experience as a police officer, these transactions were consistent with drug trafficking.  Officer Blaisdell testified as an expert witness and described the manner in which street-level drug dealing is conducted.  His descriptions were consistent with the transactions Officer McClain saw appellant make.  The police found cocaine and drug paraphernalia when they inventoried the stolen car.  The cocaine was in the form of seven rocks, which was consistent with street-level packaging for distribution.  Additionally, the fact that appellant hid the cocaine in the stolen car was another method consistent with drug dealing.  More cocaine was found in appellant’s rectum after his arrest, which is another method street dealers use to conceal their stash of drugs. 

Based upon this evidence, under either standard of review, the jury 
was rationally justified in finding guilt beyond a reasonable doubt.  We hold that the evidence is legally and factually sufficient to support the finding of appellant’s intent to deliver.
  We overrule appellant’s second point.

Conclusion

Having overruled both of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 30, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Officer McClain testified that when he sees an unfamiliar car he checks the license plate numbers on his patrol car computer to see if it is stolen.