Affirmed and Memorandum Opinion filed March 30, 2006









Affirmed and Memorandum Opinion filed March 30, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01045-CR

____________

 

MILTON DOUGLAS
DEARMON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 983,309

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of possession
with intent to deliver a controlled substance, namely cocaine, weighing more
than one gram and less than four grams by aggregate weight, including any
adulterants and dilutants, and the trial court assessed punishment at 12 years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See Tex.
Health & Safety Code Ann. ' 481.112(c)
(Vernon 2003).  Appellant challenges his
conviction in two issues, contending the evidence was legally and factually
insufficient to prove appellant intended to deliver the controlled substance.  We affirm. 









Factual and
Procedural Background

On April 5, 2005, two Constable deputies,
Deputy David Mayes and Deputy George Cleary, went to appellant=s home to
investigate a series of motor vehicle burglaries.  When 
they arrived, they found appellant out front working on a vehicle.  The officers informed appellant they had
information linking him to a burglary and asked him to sign a consent to search
form for his vehicle and home.  Appellant
agreed and signed the form.  

The officers searched appellant=s car and found
stereo speakers.  Appellant showed Deputy
Cleary to his bedroom and pointed out the bed in which he slept.  While looking for credit cards or insurance
papers, Deputy Clearly looked between the two mattresses and found fourteen
bags containing a substance, which later tested positive for cocaine.  Appellant stated he received the bags from a
person named AZ.@  Deputy Cleary placed the bags in a small film
canister found in appellant=s bedroom and
transported them to the police station for testing.  After the substance tested positive for
cocaine, the officers arrested appellant. 


At trial, the State presented three
witnesses, deputies Mayes and Cleary and a forensic chemist, who tested the
cocaine.  Appellant presented one
witness, his sister, who was present at the house on April 5.  After hearing the evidence, the jury found
appellant guilty of possession with intent to deliver a controlled
substance.  

Discussion

I.                   
Standards of Review








Appellant argues on appeal
the evidence at trial was legally and factually insufficient to prove appellant
intended to deliver cocaine.  Appellant concedes the evidence is
sufficient to support a conviction for possession of a controlled substance,
but he disputes the sufficiency of the evidence to show intent to deliver.  In a legal sufficiency review, we view all
the evidence in the light most favorable to the verdict and then determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury is the sole judge of the credibility
of the witnesses and chooses whether or not to believe all or part of a witness=s testimony.  Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988).  We do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision. 
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Harris
v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d). 
Thus, if there is evidence establishing guilt beyond a reasonable doubt,
we are not authorized to reverse the judgment on sufficiency of the evidence
grounds. 

In a factual sufficiency review, we
consider all the evidence in a neutral light and determine whether a jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  The evidence may
be factually insufficient in two ways.  Id.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable doubt standard could not have been met.  Id. at 484B85.  Our evaluation of the evidence should not
intrude upon the fact-finder=s role as the sole
judge of the weight and credibility of the evidence.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  In conducting a
factual sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).   

II.                
What evidence is required to prove intent to deliver?








In a possession with intent
to deliver case, intent to deliver may be proved by circumstantial
evidence.  Reed v. State, 158
S.W.3d 44, 48 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d).  Intent is a question of fact to be determined
by the trier of fact and may be inferred from the acts, words, or conduct of
the accused.  Id.  Intent can be inferred from circumstantial
evidence, such as the quantity of drugs possessed or the manner of
packaging.  Branch v. State, 599
S.W.2d 324, 325 (Tex. Crim. App. 1979). 
Other circumstantial evidence may include whether the defendant himself
is a drug user, whether there is evidence of drug transactions, the nature of
the location in which the defendant was found, proximity to money, and the
presence of drug paraphernalia for either drug use or sale.  See Williams v. State, 902 S.W.2d 505,
507 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d);
Smith v. State, 737 S.W.2d 933, 941 (Tex. App.CDallas
1987, pet. ref=d).  The State may also use expert testimony by
experienced law enforcement officers to show a defendant=s
intent.  See Mack v. State, 859
S.W.2d 526, 528B29 (Tex.
App.CHouston
[1st Dist.] 1993, no pet.).  These factors are not required
elements of which all must be present, but are evaluative factors for the court
to consider when reviewing the sufficiency of the evidence.  See, e.g., Taylor v. State, 106
S.W.3d 827, 831B32 (Tex. App.CDallas 2003, no pet.) (evidence sufficient to support
conviction when amount seized was 1.3 grams, which constituted approximately
thirteen individual uses and defendant attempted to flee when arrested); Reece
v. State, 878 S.W.2d 320, 325B26 (Tex. App.CHouston [1st Dist.] 1994, no pet.)
(evidence sufficient to support conviction for possession with intent to
deliver when defendant possessed 12 individually wrapped rocks of cocaine and
$222 in cash).[1]  If conflicting inferences concerning a
defendant=s intent exist, we must presume, even if
it does not affirmatively appear in the record, the trier of fact resolved such
conflicts in favor of the prosecution, and we must defer to that
resolution.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).  

III.              
Did the State produce sufficient evidence to prove
intent to deliver?








Appellant contends Deputy
Mayes=
testimony is legally and factually insufficient to support conviction for
possession with intent to deliver.  He
argues the State produced no testimony about how much cocaine is typically used
by an individual or how long 2.52 grams might last.  He also argues Deputy Mayes= reference to Atools@ is confusing because it does not
specify whether he meant tools for personal use or tools for preparing products
for sale.  We will evaluate this issue in
light of the circumstantial evidence presented in order to determine whether
the evidence is legally and factually sufficient to prove appellant possessed
the controlled substance with the intent to deliver it to others.  

The evidence shows that 2.52 grams of cocaine were found
in fourteen separate packages in the mattress in appellant=s home.  In addition, Deputy Mayes testified he
received some minimal training about what amounts of drugs are used for
personal use and what amounts are for sale. 
He testified his training consisted of reviewing different types of
rocks and packaging, what they are commonly used for, and what paraphernalia
you usually find with the drugs.  He
testified his training taught him that when you find an area with many
packages, those packages are usually for sale as opposed to personal use, but
when you find drugs for personal use, there will usually be tools present to
use the drugs.  He testified he did not
recall any training whether the amount of drugs, in grams, indicated personal
use.  When asked to give his opinion
about whether or not the substance found in appellant=s bedroom was for
personal use, the trial judge sustained defense counsel=s objection.  The prosecutor then abandoned this line of
testimony and moved on to other questions. 
The prosecutor made no other attempts to elicit testimony from any
witness about appellant=s intent to deliver, but the prosecutor
did argue to the jury during closing how the evidence presented proves intent
to deliver.  








Evidence that even this seemingly small quantity of cocaine
was packaged in individual units is evidence in support of an intent to sell
it.  See, e.g., Reece, 878
S.W.2d at 325 (police officer testified that a user of crack cocaine will
normally possess only two or three rocks of cocaine at a time); Morrow v. State, 757 S.W.2d 484,
487 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d) (police officer
describing one to two grams of cocaine as an amount typically purchased by a
single user).  Furthermore, other courts of appeals have
upheld convictions for intent to deliver for lesser quantities and with similar
packaging.  See, e.g., Taylor v.
State, 106 S.W.3d at 829 (1.37 grams); Rhodes v. State, 913 S.W.2d
242, 246  (Tex. App.CFort Worth 1995), aff=d, 945 S.W.2d 115
(Tex. Crim. App. 1997) (2.09 grams); Reece, 878 S.W.2d at 322 (1.4 grams
in 12 packets);[2]
Branch v. State, 833 S.W.2d 242, 244B45 (Tex. App.CDallas 1992, pet.
ref=d) (17 packets). 
Evidence
of the amount of a controlled substance merely raises an inference about
appellant=s intent. 
Payton v. State, 830 S.W.2d 722, 730 (Tex. App.CHouston [14th
Dist.] 1992, no pet.).  

In analyzing appellant=s intent, we must
presume the trier of fact resolved any conflicting inferences of intent in
favor of the prosecution.  Matson,
819 S.W.2d at 846.  The State presented
evidence about intent to deliver through Deputy Mayes= testimony that he
received training to distinguish possession with intent to deliver from
possession for personal use based on the amount of drugs found.  The officers did not give any description of
what quantity might suggest an intent to deliver, only that larger quantities
create such an inference.  Here, even if appellant=s possession of the cocaine is as
consistent with personal use as it is with delivery, we must presume the trier
of fact resolved the conflict in favor of the prosecution.  Viewing the evidence in the light most
favorable to the verdict, we conclude a rational trier of fact could have found
beyond a reasonable doubt that appellant possessed the controlled substance
with an intent to deliver.  Therefore, the
evidence is legally sufficient to find appellant guilty of possession with
intent to deliver.  We overrule appellant=s first issue.  








With regard to his factual sufficiency challenge, appellant
presented the testimony of his sister, Shlinda Dearmon, to rebut intent to
deliver.  Shlinda lived in the house with
appellant and testified about the search of appellant=s car and home.  She did not see if the officers seized
anything.  Appellant also argues that
because there was no expert testimony that 2.52 grams of cocaine packaged in
fourteen individual units indicates an intent to deliver, that evidence cannot
support his conviction.  We know of no
authority requiring such testimony and appellant has not directed us to any
such authority.  Appellant further argues
that because no paraphernalia or cash was found and he was not arrested in a
known drug area, there is insufficient evidence of intent.  Those factors are not exclusive, but are
merely used to evaluate the presence of an intent to deliver.  Appellant argues that although the evidence
suggests appellant may be a burglar who stole to support a cocaine habit, no
evidence supports his status as a cocaine dealer.  Appellant=s interpretations of the evidence,
however, do not provide sufficient contrary proof outweighing the jury=s finding of guilt.  See Zuniga v. State, 144 S.W.3d at 484B85. 
Considering all the evidence in a neutral light, we conclude the jury
was rationally justified in finding guilt beyond a reasonable doubt.  Therefore, the evidence is factually
sufficient to find appellant guilty of possession with intent to deliver.  We overrule appellant=s second
issue.  

Conclusion

Having
considered and overruled appellant=s two issues on appeal, we affirm the trial court=s judgment.     

 

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed March 30, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  The Reece
court reversed the defendant=s conviction on probable cause points of error, but
the court overruled the defendant=s points
of error pertaining to sufficiency of the evidence to show possession with
intent to deliver.  Reece v. State,
878 S.W.2d 320, 324B26 (Tex. App.CHouston
[1st Dist.] 1994, no pet.).   





[2]  See supra
note 1.